## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAVIER CALDERON<br>3132 16th Street NW, Apt. 207<br>Washington, DC 20010<br><br>       Plaintiff,<br><br>v.<br><br>WILL ALFREDO GOMEZ VENTURA<br>a/k/a WILL A. GOMEZ VENTURA<br>a/k/a WILL ALFREDO GOMEZ<br>a/k/a WILL A. GOMEZ<br>a/k/a WILL GOMEZ VENTURA<br>a/k/a WILL VENTURA<br>d/b/a EL POLLO SABROSO<br>7236 Calvert Street<br>Annandale, VA 22003<br><br>VIANEX ANIVAR GOMEZ VENTURA<br>a/k/a VIANEX ANIVAR VENTURA<br>a/k/a VIANEX ANIVAR GOMEZ<br>d/b/a EL POLLO SABROSO<br>7236 Calvert Street<br>Annandale, VA 22003<br><br>EL POLLO SABROSO, INC.<br>d/b/a EL POLLO SABROSO<br>1434 Park Road NW<br>Washington, DC 20010<br><br>GOMEZ, INC.<br>d/b/a EL POLLO SABROSO<br>3153 Mount Pleasant Street NW<br>Washington, DC 20010<br><br>       Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

# COMPLAINT

## Introduction

1. Defendants own and operate two restaurants in Washington, DC that do business as "El Pollo Sabroso." Defendants employed Plaintiff as a kitchen hand. Defendants paid Plaintiff a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of Washington, DC who resides at the address in the case caption above.

6. Defendant Will Alfredo Gomez Ventura is an adult resident of Virginia who resides at the address in the case caption above.

2

7. Defendant Vianex Anivar Gomez Ventura is an adult resident of Virginia who resides at the address in the case caption above.

8. Defendant El Pollo Sabroso, Inc. was a District of Columbia corporation. Its corporate status was revoked at all relevant times. It does business as "El Pollo Sabroso." Its principal place of business is 1434 Park Road NW, Washington, DC 20010. It is owned and operated by the individual defendants as a an unincorporated partnership. By operation of law, either of the individual defendants may accept service on its behalf.

9. The business license for the "El Pollo Sabroso" restauraunt at 1434 Park Road NW, Washington, DC 20010 is in the name of Defendant El Pollo Sabroso, Inc.

10. Defendant Gomez, Inc. was a District of Columbia corporation. Its corporate status was revoked at all relevant times. It does business as "El Pollo Sabroso." Its principal place of business is 3153 Mount Pleasant Street NW, Washington, DC 20010. It is owned and operated by the individual defendants as a an unincorporated partnership. By operation of law, either of the individual defendants may accept service on its behalf.

11. The business license for the "El Pollo Sabroso" restauraunt at 3153 Mount Pleasant Street NW, Washington, DC 20010 is in the name of Defendant Gomez, Inc.

## Factual Allegations

12. Defendants own and operate two restaurants that do business as "El Pollo Sabroso."

13. Defendants' restaurants are located at 1434 Park Road NW, Washington, DC 20010 and 3153 Mount Pleasant Street NW, Washington, DC 20010.

14. Defendants employed Plaintiff at both of their restaurants from approximately November 1, 2012 through approximately November 1, 2013.

15. Plaintiff was employed in Defendants' restaurant as a kitchen hand. His duties included washing dishes, cleaning, and preparing food.

16. Plaintiff typically and customarily worked the following schedule:

| Monday | OFF | OFF |
|---|---|---|
| **Tuesday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
| **Wednesday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
| **Thursday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
| **Friday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
| **Saturday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
| **Sunday** | 9:00 a.m. – 11:00 p.m. | 14 Hours |
|  |  | 84 Hours Total |

17. Plaintiff was not permitted a break or rest period. Defendants required Plaintiff to remain in the kitchen during his shift, and Plaintiff was expected to prepare food orders whenever they came in.

18. Defendants' work demands did not allow Plaintiff to rest during his shift for more than 15 minutes at a time.

19. Plaintiff did not take any weeks off from work during the course of his employment.

20. Defendants paid Plaintiff twice a month in cash.

21. Defendants paid Plaintiff on the 1st and on the 15th of each month.

4

22.     For the first four months of his employment, Defendants paid Plaintiff $700.00 twice a month.

23.     For the last 8 months of his employment, Defendants paid Plaintiff $725.00 twice a month.

24.     Plaintiff never received overtime compensation for any of his overtime hours.

25.     During the course of his employment, Plaintiff worked overtime hours during each and every workweek.

26.     During the course of his employment, Plaintiff worked approximately 44 hours of overtime each and every workweek.

27.     Throughout Plaintiff's employment, the federal minimum wage was $7.25 per hour.

28.     Throughout Plaintiff's employment, the District of Columbia minimum wage was $8.25 per hour.

29.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times the minimum wage for all hours worked over 40 in any one workweek.

30.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009(a).

31.     Defendants intentionally did not provide Plaintiff with paystubs or itemized statements, as required by D.C. Code § 32-1008(b).

32.     Defendants owe Plaintiff approximately **$27,964.20** in minimum and overtime wages.

5

33. At all relevant times, Defendants had two or more employees who regularly handled materials that had been moved in or produced for interstate commerce.

34. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

35. At all relevant times, the individual defendants owned and operated the corporate defendants.

36. At all relevant times, Defendants had the power to fire Plaintiff.

37. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

38. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

39. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

40. At all relevant times, Defendants were aware that it was legally required to pay Plaintiff the District of Columbia and federal minimum wage.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

42. At all relevant times, Defendants were aware that it was legally required to timely pay Plaintiff all wages that Plaintiff was legally due.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

45. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

46. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

47. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

48. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

49. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

50. Defendants' violations of the FLSA were willful.

51. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

52. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. Defendants were "employers" of Plaintiff within the meaning of the DCMWA, D.C. Code § 32-1002(3).

54. At all relevant times, the DCMWA required that employers pay non-exempt employees at least $8.25 per hour.

55. The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

56. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

57. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

58. Defendants' violations of the DCMWA were willful.

59. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

60. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

61. Defendants were an "employer" of Plaintiff within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

62. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63. For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

64. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

65. Defendants' violations of the DCWPCL were willful.

66. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$111,856.80**, consisting of the following overlapping elements:

      i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.     unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012b(b)(1);

      iii.    unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c.    Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.    Award Plaintiff court costs; and

e.    Award any additional relief the Court deems just.

Date: 11/03/2015                            Respectfully submitted,

                                              /s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*